UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUZAN RUSSELL,

                      Plaintiff,

        -against-

WESTCHESTER COMMUNITY COLLEGE,
THE COUNTY OF WESTCHESTER,
VERONICA DELCOURT and HEATHER
OSTMAN, Individually,

                     Defendants.
------------------------------------------------------------X

**DECISION AND ORDER**

16 Civ. 1712 (PMH) (PED)

**PAUL E. DAVISON, U.S.M.J.**

The above-captioned case was referred to me for general pretrial supervision on March 12, 2018 (Dkt. #52).  Since January 2019, I have addressed an ongoing series of discovery disputes which have now culminated in the present motion practice.  This Decision and Order addresses (1) defendants' motion for sanctions against plaintiff (Dkt. #175) based upon her alleged ongoing attempts to thwart discovery in this case and (2) plaintiff's request for sanctions against defense counsel (Dkt. #178) based upon her alleged breach of a Confidentiality Order in *Russell v. New York Univ.*, 15 Civ. 2185 (KGW) ("the NYU case").  Familiarity with the underlying litigation is assumed.  For the reasons set forth below, plaintiff's request for sanctions is **DENIED** and defendants' motion for sanctions is **GRANTED IN PART AND DENIED IN PART**.

### I.  LEGAL STANDARD

FRCP 37(b) permits this Court to impose "just" sanctions on a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A).  Once it is determined that

a party has disobeyed a discovery order, Rule 37(b) authorizes sanctions of varying degrees of severity including adverse inferences, preclusion, requiring payment of attorney's fees and dismissal. *Id.* "The purposes of these sanctions are to ensure that a party does not profit from their disregard of court orders and to deter future noncompliance." *City of Almaty, Kazakhstan v. Ablyazov*, No. 15 Civ. 5345, 2021 WL 4846366, at *3 (S.D.N.Y. Oct. 18, 2021). "The imposition of sanctions under Rule 37 lies within the discretion of the district court." *Mobius v. Quest Diagnostics Clinical Lab'ys, Inc.*, No. 1 Civ. 0499, 2020 WL 3448073, at *3 (W.D.N.Y. June 24, 2020) (quotation marks and citation omitted). Nonetheless, "[s]anctions awarded for violations of Rule 37 must be just and proportional in severity with the challenged noncompliance." *Scelsi v. Habberstad Motorsport Inc.*, No. 19 Civ. 4315, 2021 WL 2589725, at *4 (E.D.N.Y. June 24, 2021). "The 'mildest' sanction for discovery misconduct is an order to reimburse the opposing party for expenses caused by the failure to cooperate." *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15 Civ. 3533, 2017 WL 2840279, at *10 (S.D.N.Y. June 27, 2017) (quotation marks and citation omitted). "Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Id.* (quotation marks and citation omitted).

## II. DISCUSSION

A. <u>Defendants' Motion for Sanctions</u>

Defendants seek sanctions against plaintiff based upon: (1) the difficulty in obtaining HIPAA releases for medical providers; (2) plaintiff's refusal to authenticate emails authored by her from her NYU email account; and (3) the difficulty in obtaining mental health treatment records from plaintiff's psychotherapist (Dr. Jensen). I assume familiarity with the lengthy and

tortured path which led to completion of fact discovery in this case and, thus, recite facts below only as necessary for an understanding of my ruling on a particular issue before me. Facts recited below are gathered from the parties' submissions in support of their motions and from contemporaneous notes taken by chambers staff during all conferences.

    *1. Releases for medical records*

There is no dispute that defendants' quest to obtain plaintiff's medical records persisted for approximately two and a half years. Beginning in January 2019, this Court addressed countless complaints from defense counsel regarding HIPAA authorizations (e.g. that they were delayed, incomplete or contained incorrect dates and/or social security numbers). Ultimately, defendants received most of the records sought, although: (1) defendants are concerned that records from Drs. Li, Ferrick and Feld may be incomplete because plaintiff was not certain of treatment dates with those providers; and (2) defendants never received records from Dr. Reynolds, Dr. Sorbera or the 1999 records from Westchester Medical Center concerning an alleged outpatient procedure.

Defendants argue that plaintiff's "belated compliance" warrants sanctions. Specifically, defense counsel asserts that she spent an inordinate amount of time on "wild goose chases" trying to track down medical records which plaintiff had been ordered to disclose. Based upon my review of the entire record, it appears that multiple factors contributed to delays in obtaining sufficient authorizations – but I cannot say, with certainty, that the delays were attributable to plaintiff's intransigence. At bottom, the record does not support sanctions against plaintiff for the delays in obtaining medical records.

As for the missing/incomplete records, defendants request sanctions against plaintiff in

the form of an Order precluding her from introducing (or otherwise relying upon) any documents not disclosed to defendants. Notably, at an on-the-record conference on April 12, 2021, plaintiff's counsel agreed to be confined to the records which had been produced to date, and the Court indicated that plaintiff would be precluded from using any records which had not been produced or exchanged.[1] Although plaintiff would ordinarily have the opportunity to supplement the record with later-acquired records under her continuing duty to disclose, *see* FRCP 26(e), defense counsel's herculean efforts to obtain documentation of plaintiff's complete medical history, coupled with plaintiff's concession on this point as described above, warrants closing the record on this issue at this time. Accordingly, plaintiff is **PRECLUDED** from introducing or otherwise relying upon medical records which were not produced or exchanged as of April 12, 2021. Defendants' motion for sanctions related to plaintiff's medical records is thus **GRANTED IN PART AND DENIED IN PART.**

  *2. Plaintiff's refusal to authenticate emails*

During plaintiff's deposition on October 24, 2019, defense counsel showed plaintiff pre-marked emails which originated from plaintiff's NYU email account. Plaintiff either stated that she did not recall them or flatly denied having sent them. According to defendants, plaintiff believed that a defendant in the NYU case may have hacked plaintiff's NYU email account. Due to plaintiff's refusal to acknowledge authorship of the emails, I So Ordered a subpoena duces tecum requiring NYU to produce fifteen (15) emails sent from an NYU email account used by plaintiff in 2014, during her employment at NYU. NYU provided the emails; ultimately,

---

[1] At the time of the April 12, 2021 conference, counsel were directed to compare notes regarding the universe of medical records which had been produced, and to submit a proposed preclusion order. That never occurred.

plaintiff acknowledged authorship of the emails, except for five which had redactions in the header portion.

Defendants argue that "the hoops they had to jump through" to obtain this result is sanctionable. Plaintiff responds that her refusal to authenticate the emails at her deposition was reasonable, given that she simply could not recall specific emails that were sent in 2014, five years prior to the deposition. Although plaintiff's overall conduct throughout discovery calls her credibility into question, plaintiff's explanation is plausible, so the Court will grant her the benefit of the doubt on this issue and decline to sanction plaintiff for her refusal to authenticate the emails. Of course, defendants may cross-examine plaintiff regarding her refusal to acknowledge authorship of the remaining NYU account emails (and any other emails that plaintiff claims she did not author or authorize). Accordingly, defendants' motion for sanctions arising from plaintiff's failure to authenticate emails is **DENIED**.

*3. Dr. Jensen's mental health treatment records*

During a discovery hearing on January 8, 2019, defendants asserted their entitlement to Dr. Jensen's treatment records; plaintiff opposed on the ground of patient-therapist privilege. I directed plaintiff to provide a HIPAA release for Dr. Jensen's records.[2] Soon thereafter, plaintiff's counsel withdrew and discovery was paused for a brief period to allow plaintiff to obtain new counsel. After discovery resumed, defense counsel complained (during a telephone

---

[2] Although plaintiff's counsel proposed limiting plaintiff's emotional distress claim to a "garden variety" claim in order to avoid discovery of her therapy records, *see Galgano v. County of Putnam*, No. 16 Civ. 3572, 2020 WL 12968021 (S.D.N.Y. Sept. 9, 2020), the Court determined that plaintiff had opened the door to disclosure of her mental health records by asserting that her self-described "grouchy" behavior, cited by defendants as a rationale for her termination, was a symptom of her disabling cardiac condition.

conference on April 25, 2019) that she had not yet received an authorization for Dr. Jensen's records. I directed counsel to confer and to attempt to resolve any outstanding disputes as soon as possible. During a telephonic conference on May 7, 2019, counsel raised a dispute concerning the time frame for Dr. Jensen's release; I directed plaintiff to provide an authorization for Dr. Jensen's records from 2009 to the present. During the next conference on May 16, 2019, defense counsel noted that she had not yet received a release for Dr. Jensen's records; plaintiff's counsel stated that plaintiff has "concerns" about the post-2014 authorization (because she spoke to Dr. Jensen about confidential grand jury testimony related to her NYU case). I observed that plaintiff could not discuss grand jury matters with doctors and then invoke secrecy to withhold records that are otherwise discoverable, and directed plaintiff to provide an unrestricted authorization for Dr. Jensen's records within one week. At the next conference (on May 28, 2019), defense counsel complained that plaintiff provided a *restricted* authorization; plaintiff's counsel stated that plaintiff declined to check all the boxes because a Confidentiality Order was not yet in place. Defense counsel responded that she had provided a revised draft to plaintiff's counsel on May 21st but received no response. I directed counsel to confer and to submit a proposed Confidentiality Order by close of business the following day. Counsel did so; the So Ordered Confidentiality Order was entered May 29, 2019. On May 31, 2019, at the next conference, I directed plaintiff to provide an unrestricted HIPAA authorization for Dr. Jensen's records no later than June 7, 2019.

     On June 7, 2019, plaintiff provided a HIPAA release for Dr. Jensen's records. Defense counsel forwarded it to Dr. Jensen (located in Texas), who advised defense counsel that the authorization was insufficient and that she required an additional form before she could release

the records.  Plaintiff provided a new authorization, which defense counsel sent to Dr. Jensen on July 2, 2019.  During a telephonic conference on August 22, 2019, defense counsel stated that Dr. Jensen had not responded to the release, nor had she responded to numerous phone messages from defense counsel inquiring as to the whereabouts of responsive records.  I directed plaintiff's counsel and her client to contact Dr. Jensen in order to secure her compliance, and granted defense counsel leave to make a motion if necessary.

On August 29, 2019, pursuant to a letter motion filed by defense counsel (Dkt. #98), I So Ordered a subpoena duces tecum directing Dr. Jensen to provide the records by electronic means. Dr. Jensen received the subpoena on September 3, 2019.  As of mid-December 2019, Dr. Jensen had not produced the records, nor had she responded to several phone calls and letters from defense counsel regarding the So Ordered subpoena.  At a telephonic conference on December 19, 2019, defense counsel stated her intention to file a motion to compel in Texas.

On January 13, 2020, defense counsel filed a Motion to Compel Compliance in the Western District of Texas.  On June 3, 2020, Judge David Counts conducted a hearing on defense counsel's motion.  Dkt. #176-2.  Dr. Jensen testified that, after she received the subpoena, plaintiff told her "at least three or four times" not to release the records because she had revoked her authorization.  *Id.* at 34-35 (ECF pagination).  Following the hearing, Judge Counts denied defense counsel's motion without prejudice, on the ground that the Court did not have jurisdiction over compliance with the subpoena because it listed the location of production as New York, outside the 100-mile limit of FRCP 45.[3]  Judge Counts advised defense counsel

---

[3] Judge Counts rejected defense counsel's argument under *Mackey v. IDT Energy, Inc.*, No. 19 Misc. 29, 2019 WL 2004280, at *4 (S.D.N.Y. May 7, 2019), that production by electronic means is consistent with FRCP 45(c).

that she could re-file a motion to compel compliance with a subpoena listing a place of compliance within the Midland/Odessa Division of the Western District of Texas.

On or about June 23, 2020, pursuant to a letter motion filed by defense counsel (Dkt. #136), I So Ordered a revised subpoena duces tecum directing Dr. Jensen to produce the requested records at a designated location in Midland, Texas. Dr. Jensen was served with the subpoena on June 26, 2020; she produced the records on or about July 24, 2020 to a law firm in Texas hired by defendants for that purpose.

Presently, as a sanction against plaintiff for her "dogged resistance" to providing Dr. Jensen's medical records, defense counsel seeks to recover fees and costs associated with the Texas motion to compel and with the instant motion for sanctions. Plaintiff asserts that Dr. Jensen's failure to provide the records was not plaintiff's fault. But this argument is disingenuous in light of Dr. Jensen's testimony at the hearing that it was plaintiff, herself, who repeatedly instructed Dr. Jensen to ignore the subpoena because plaintiff had revoked her authorization.[4] Such blatant disregard for (and interference with) the judicial process cannot be countenanced. Accordingly, defendants' motion for sanctions against plaintiff is **GRANTED** to the extent that plaintiff shall reimburse defendants, in an amount to be determined by this Court, for reasonable fees and costs incurred for the Texas motion to compel and with the instant motion for sanctions.[5]

---

[4] Given Dr. Jensen's sworn and unequivocal testimony on this point, I reject plaintiff's suggestion that a subsequent email exchange with Dr. Jensen can be read to mean that this was all a "misunderstanding" between Dr. Jensen and her Texas attorney. *See* Dkt. 179-22.

[5] This Court's authority to impose Rule 37 monetary sanctions is clear. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *see also Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 59 (S.D.N.Y. 2020).

## II.  PLAINTIFF'S REQUEST FOR SANCTIONS

Plaintiff argues that defense counsel should be sanctioned for alleged violations of a Confidentiality Order in the NYU case.  Plaintiff's request is entirely without merit.  "A court may not enjoin the entire universe of potential violators of its orders; it has no power to enjoin those who are acting independently of the enjoined party and whose own rights have not been adjudged.  However, third parties who are in active concert or participation with the parties, their officers, agents, servants, employees or attorneys, can be enjoined."  *Hunt v. Enzo Biochem, Inc.*, 904 F. Supp.2d 337, 344 (S.D.N.Y. 2012) (quotation marks and citations omitted).  Here, defendants are not a party to the NYU case, and there is absolutely no indication that defense counsel's discovery conduct in this case was, by any stretch of the imagination, connected by any means to any party in the NYU case.  Accordingly, plaintiff's request for sanctions is **DENIED**.

## III.  CONCLUSION

For the foregoing reasons: (1) plaintiff's request for sanctions is **DENIED**; and (2) defendants' motion for sanctions is **GRANTED IN PART AND DENIED IN PART.** Defendants shall submit their application for fees and costs, together with supporting documentation, no later than **April 15, 2022.**  Plaintiff shall submit any opposition by **May 13, 2022.**

Meanwhile, it is long past time to move this case towards a conclusion.  Counsel are directed to submit a status letter to Judge Halpern, confirming that discovery has been completed, no later than **March 18, 2022**, and shall commence any appropriate motion practice in accordance with Judge Halpern's Individual Practices.

The Clerk of the Court shall terminate the pending motion (Dkt. #175).

Dated: March 11, 2022
      White Plains, New York

**SO ORDERED**

_____
PAUL E. DAVISON, U.S.M.J.