UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SUZAN RUSSELL,

                              Plaintiff,

        -against-

WESTCHESTER COMMUNITY COLLEGE,
THE COUNTY OF WESTCHESTER,
VERONICA DELCOURT and HEATHER
OSTMAN, Individually,

                              Defendants.
-------------------------------------------------------X

**PAUL E. DAVISON, U.S.M.J.**

**DECISION AND ORDER**

16 Civ. 1712 (PMH) (PED)

        By Decision and Order entered March 11, 2022, the undersigned granted, in part, defendants' motion for sanctions and Ordered that "plaintiff shall reimburse defendants, in an amount to be determined by this Court, for reasonable fees and costs incurred for the Texas motion to compel and with the instant motion for sanctions." Dkt. 193, at 8.[1] Familiarity with the underlying litigation is presumed.

        On April 20, 2022, in accordance with Court's briefing schedule (Dkt. #196, #197), defendants submitted their application in support of an award for fees in the amount of $56,750 and costs in the amount of $2034.70, for a total award in the amount of $58,784.70. Dkt. #198 (Declaration and Exhibits); Dkt. # 199 (Memorandum of Law). Plaintiff timely opposed on June 1, 2022, on the grounds that defendants' claimed hourly rates and expended hours are unreasonable. Dkt. #200. #201 (briefing schedule); Dkt. #207 (Memorandum of Law and

_____

[1] Citations to specific page numbers following "Dkt. # ___" reflect ECF pagination.

Exhibit).[2]  For the reasons set forth below, defendants' application for fees and costs is

**GRANTED IN PART**, and defendants are awarded fees and costs in the amount of **$37,427.26**.


## I. CALCULATION OF FEES AND COSTS TO BE AWARDED

A. Standard of Law

Generally, "the fee applicant bears the burden of establishing entitlement to an award and

documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U. S.

424, 437 (1983).  A reasonable fee is calculated by taking "the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate." Id. at 433.  "Both [the Second

Circuit] and the Supreme Court have held that the lodestar – the product of a reasonable hourly

rate and the reasonable number of hours required by the case – creates a 'presumptively

reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir.2011) (citing *Arbor

Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d

Cir.2008); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 1673, 176 L. Ed.2d

494 (2010)).  Ultimately, "[t]he district court retains discretion to determine . . . what constitutes

a reasonable fee." *Id.*

B. Documentation

Defendants request a fee award in the amount of $56,750.00, based upon 100.50 hours

expended by attorney Irma Cosgriff at $450/hour ($45,225.00) plus 115.25 hours expended by

---

[2] Plaintiff also asserts that "she should not be required to pay the fees and costs claimed by the County Defendants" because she "lacks monies necessary to pay any fees and costs awarded to the County Defendants by the Court." Dkt. #207, at 2. Apart from her conclusory assertion, plaintiff proffers no evidence in support of her inability to pay. Plaintiff's argument is, therefore, unavailing.

Legal Intern Cecilia Olivia[3] at $100/hour ($11,525.00). Dkt. #198, at 9. In support of their fee application, defendants discuss Ms. Cosgriff's extensive experience and the basis for her requested hourly rate, discuss Ms. Olivia's experience and the basis for her requested hourly rate, and proffer time records demonstrating the number of hours Ms. Cosgriff and Ms. Olivia expended relevant to defendants' fee application. However, a review of the time records reveals discrepancies between the documented hours and the claimed hours. Specifically, the time records for Ms. Cosgriff reflect 101.25 hours expended, while Ms. Olivia's time records reflect 95.00 hours expended. Based upon defendants' submissions, taken at face value, the "lodestar" amount is calculated as follows:

|  | Compensable Hours | Hourly Rate | Total |
|---|---|---|---|
| Cosgriff | 101.25 | $450.00 | $45,562.00 |
| Olivia | 95.00 | $100.00 | $ 9,500.00 |
| **TOTAL** |  |  | **$55,062.00** |

Thus, in the first instance, defendants' documentation supports a slightly lower lodestar than the amount requested.

C. Reasonable Hourly Rate

"A reasonable hourly rate is the rate prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Juscinska v. Meson Sevilla, Ltd.*, No. 19 Civ. 5284, 2021 WL 706548, at *1 (S.D.N.Y. Feb. 23, 2021) (quotation marks and citation omitted). Although, in this case, defendants seek an award of

---

[3] At all relevant times, Ms. Olivia was a law student employed by the Westchester County Attorney's Office ("WCAO") as a full-time Legal Intern. Dkt. #198-3, at 3.

attorneys' fees as compensation for the time expended by government attorneys, the parties agree

that the calculation of the reasonable hourly rates should reflect the prevailing market rates. Dkt.

#199, at 4; Dkt. #207, at 4. *See EEOC v. Green Lantern Inn, Inc.*, No. 19 Civ. 6704, 2022 WL

1467820, at *6 (W.D.N.Y. May 10, 2022) ("District courts in this Circuit generally employ

market rates to calculate awards of government attorneys' fees.") (quoting *NLRB v. Local 3,*

*Intern. Broth. Of Elec. Workers*, 471 F.3d 399, 407 (2d Cir. 2006)).

Here, in her Declaration, attorney Cosgriff summarizes her qualifications and experience

as follows:

> I have been employed in the Litigation Bureau of the WCAO for more
> than thirty (30) years, first as an Assistant County Attorney, then a Senior
> Assistant County Attorney and currently as an Associate County Attorney. As an
> experienced labor and employment attorney for the County, I represent the
> County, its officials and employees in cases involving alleged employment
> discrimination, First, Fourth, Eighth and Fourteenth Amendment violations, and
> violations of the ADA, Title VII, FMLA and ADEA. Since 1990, I have
> successfully litigated (and[/]or supervised attorneys in) numerous employment
> discrimination and civil rights cases in the United States District Court for the
> Southern District of New York as well as before administrative agencies including
> the EEOC, New York State Division of Human Rights and the American
> Arbitration Association.

Dkt. #198, at 2. Accordingly, defendants argue that the hourly rate sought by Ms. Cosgriff

($450.00) is consistent with prevailing market rates for attorneys with similar expertise and

experience. Dkt. #199, at 6. Plaintiff responds that Ms. Cosgriff's experience supports an hourly

rate of $225.00. I agree with defendants: I have considered counsel's experience litigating cases

such as this one and her expertise in the subject matter and conclude, in light of the awards for

similarly experienced attorneys in similar cases, that an hourly rate of $450.00 is reasonable for

Ms. Cosgriff. *See, e.g., Eisenberg v. Permanent Mission of Equatorial Guinea to United*

*Nations*, No. 18 Civ 2092, 2022 WL 1546673, at *3 (S.D.N.Y. Apr. 5, 2022) (awarding

$450/hour for civil litigator with 45 years of experience); *Sanson v. City of New York*, 19 Civ.

2569, 2021 WL 1191566, at *3 (Mar. 30, 2021) (acknowledging that "[t]he customary rate for

experienced litigators ranges from about $400 to $600 per hour in civil rights cases"); *Nnebe v.*

*Daus*, No. 06 Civ. 4991, 2022 WL 612967, at *4-5 (S.D.N.Y. Mar. 1, 2022) (noting "the top end

of the range of reasonable rates in this district for experienced civil rights litigators is typically

$600" and awarding $450/hour for sole practitioner in civil rights litigation with 20 years of

experience and $400/hour for attorneys with extensive litigation experience but no experience in

civil rights litigation); *Medina v. Buther*, No. 15 Civ. 1955, 2019 WL 4370239, at *10 (S.D.N.Y.

Sept. 12, 2019) ($400/hour for civil rights litigator with 6-7 years of experience); *Loc. 1180,*

*Commc'ns Workers of Am., AFL-CIO v. City of New York*, 392 F. Supp.3d 361, 380 (S.D.N.Y.

2019) ($600/hour for civil rights attorney with over 22 years of experience).

Further, defendants assert that the hourly rate sought for Legal Intern Ms. Olivia

($100/hour) is reasonable and commensurate with hourly rates awarded to paralegals. Dkt. #199,

at 5. Plaintiff agrees that Ms. Olivia's hourly rate should coincide with that of a paralegal, but

argues that she should be compensated at $50.00 per hour. Dkt. #207, at 5. Again, I agree with

defendants and conclude that an hourly rate of $100.00 is reasonable for Ms. Olivia. *See, e.g.,*

*Efrain Tarax Tarax, et al., v. Blossom West, Inc.*, No. 19 Civ. 6228, 2022 WL 2132749, at *3

(S.D.N.Y. June 14, 2022) ($125/hour awarded for paralegal, "consistent with what has been

awarded in this district"); *Catzin v. Thank You & Good Luck Corp.*, No. 15 Civ. 7109, 2022 WL

2116682, at *4 (S.D.N.Y. June 13, 2022) (approving requested rate of $100/hour for paralegals,

"in line with other awards in this district"); *Tepale v. 245 Gourmet Food Inc.*, 2022 WL

1186574, at *3 (S.D.N.Y. Apr. 21, 2022) (finding that $125/hour for paralegal was reasonable); *Nnebe*, 2022 WL 612967, at *6 (awarding $125/hour for paralegal staff); *Nnebe*, 2022 WL 612967, at *6 ($125/hour for paralegal staff was reasonable).

D. <u>Reasonable Hours Expended</u>

As discussed above, defendants' time records support–at most–compensation for 101.25 hours expended by Ms. Cosgriff (60.0 associated with the Texas motion to compel; 41.25 associated with the motion for sanctions) and 95.00 hours expended by Ms. Olivia (36.0 hours associated with the Texas motion to compel; 59.0 hours associated with the motion for sanctions). Defendants argue that the hours requested "are reasonable, not duplicative and relate to the Motions to Compel and for Sanctions, and should not be reduced." Dkt. #199, at 7. Plaintiff contends that the hours expended were not reasonable and should be reduced. While I disagree with plaintiff and find that the hours expended were reasonable, I nonetheless find, for the following reasons, that a reduction in the requested number of hours is warranted. First, I awarded fees and costs incurred for the Texas motion to compel and for the instant motion for sanctions. Defendants were forced to file the Texas motion to compel as a result of Dr. Jensen's non-compliance with a So Ordered subpoena duces tecum (requiring compliance by September 10, 2019). Yet, Ms. Cosgriff seeks compensation for 15.0 hours expended prior to September 10, 2019. Dkt. #198, at 4-5. Those 15.0 hours are clearly unrelated to the Texas motion to compel and, thus, are not compensable. Second, 4.25 hours must be excluded from Ms. Cosgriff's requested hours as time spent on ordinary discovery or matters not directly related to the Texas motion to compel or to the motion for sanctions. Dkt. #198, at 7-8 (1.0 hour on June 25, 2020, 1.0 hour on July 1, 2020, .25 hours on July 15, 2020 and 2.0 hours on October 28,

2020).  Finally, because defendants' motion for sanctions was denied in part, I conclude that a 45% reduction in the hours associated with that motion is warranted.

Accordingly, I conclude that defendants are entitled to compensation for the following hours reasonably expended in conjunction with the Texas motion to compel and with the motion for sanctions:

Irma Cosgriff

Texas Motion to Compel:  (60.0 hours requested) - (19,25 hours) = **40.75** hours

Motion for Sanctions:  (41.25 hours requested) - 45% = **22.69** hours

**TOTAL = 63.44 HOURS**

Cecilia Olivia

Texas Motion to Compel:  **36.0** hours

Motion for Sanctions: (59.0 hours requested) - 45% = **32.45**

**TOTAL = 68.45 HOURS**

*   *   *

In accordance with the above discussion, I conclude that defendants are entitled to an award for attorney fees in the amount of **$35,393.00**, calculated as follows:

Irma Cosgriff:  63.44 hours @ $450/hour = $28,548.00

Cecilia Olivia:  68.45 hours @ $100/hour = $6,845.00

E.  Costs

Defendants seek an award of costs in the amount of $2034.70.  Dkt. #198, at 9.  Plaintiff does not oppose this amount.  I have reviewed defendants' requested costs and find them to be reasonable.  Accordingly, adjusting for a very slight mathematical error in defendants'

computation of costs, I conclude that defendants are entitled to an award for costs in the amount of **$2,034.26.**

## II. CONCLUSION

For the foregoing reasons, I conclude that defendants are entitled to an award of fees and costs in the amount of **$37,427.26**, calculated as follows:

| | |
|---|---|
| Attorney's Fees | $35,393.00 |
| Costs | $ 2,034.26 |
| | _____ |
| TOTAL | $37,427.26 |

Dated: June 29, 2022
      White Plains, New York

**SO ORDERED.**

PAUL E. DAVISON, U.S.M.J.