

**George Latimer
County Executive**

Office of the County Attorney

John M. Nonna
County Attorney

> Application to file medical records under seal granted. However, documents that do not contain sensitive information (e.g., counsel's declaration) shall not be filed under seal. The request to file on paper is denied; all documents shall be filed via ECF pursuant to my Rule 5(B), which permits counsel to file the proposed sealed documents under seal and/or redacted only to the extent necessary to safeguard information sought to be filed under seal.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         December 12, 2022

Hon. Philip M. Halpern
United States District Judge
U.S. District Court
300 Quarropas Street
White Plains, New York 10601-4150

      Re:    *Suzan Russell v. Westchester Community College, et al.*
             16-cv-1712 (PMH)(PED)
             **Motion to seal medical records**

Dear Judge Halpern:

      This office represents the Westchester Community College ("WCC"), the County of Westchester, Veronica Delcourt and Heather Ostman (hereinafter collectively referred to as "County Defendants"). We write pursuant to Rule 5(B) of Your Honor's Individual Practices in Civil Cases seeking to seal medical records that will be submitted by the parties in connection with the County Defendants' motion for summary judgment which is scheduled to be filed on **December 19, 2022**. This letter motion is made on behalf of both County Defendants and Plaintiff after counsel met and conferred about this issue. While this letter will be filed electronically, neither the medical records nor the Declaration of counsel attaching these medical records will be filed via ECF and the parties respectfully request leave of Court to "file in the traditional manner, on paper."[1]

      Plaintiff, a former non senior adjunct at Westchester Community College, filed a First Amended Complaint ("FAC") on July 29, 2016 challenging her termination and asserting claims under the Americans With Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"). Since this case was filed, various documents have been filed concerning whether, *inter alia*, Plaintiff is disabled under the ADA or NYSHRL. While the issues regarding Plaintiff's compliance with discovery orders, including providing HIPAAs and medical documents have been addressed, neither party has filed

---

[1] If Your Honor grants the instant motion, in accordance with Section 6.3 of the SDNY Electronic Case Filing Rules & Instructions, the parties will attach a copy of the order to the outside of the envelope containing the medical records and deliver them to the Clerk's Office.

any medical records on ECF. This application seeks to seal the medical records that will be submitted by both parties, including County Defendants' expert report and expert affidavit, all of which include sensitive medical information, family history and other personal information that would not serve the public's interest.

The parties therefore seek leave to file under seal only those exhibits that contain Plaintiff's actual medical records. Those exhibits are as follows:

- County Defendants' Exhibit B-Russell Confidential, pages 001291, 001303, 001309, 001321, and 001337- 001338 (medical records from Dr. Yan Li regarding medical visits, medical test results) and 001364-001368 (letter from Dr. Kevin Ferrick and test results);
- County Defendants' Exhibit D-County's Confidential Bates Stamped Numbers 00127 (handwritten notes from an emergency call dated 5-9-2014); 03202-03209 (medical records from Beth Israel Hospital from March 11-12, 2014); 03226-03227, 03232, 03250-03252, 03260, 03269-03270, 04674. 04676-04681 (medical records and test results from Dr. Yan Li and medical notes from Dr. Kevin Ferrick in 2013-2014);
- County Defendants' Exhibit P-Expert Report of Dr. Howard Tarkin, dated September 17, 2021 and CV;
- County Defendants' Exhibit Q-Affidavit of Dr. Howard Tarkin, sworn to on July 14, 2022;
- County Defendants' Exhibit T-Confidential J pages 00255, 00273, 00280-00282, 00284, 00286, 00288-00290, 00292-00298, 00301-00307, and 00310 (these confidential records were the subject of various discovery disputes, a hearing in the Western District of Texas and a sanctions award);
- Plaintiff's Exhibit 18-SR Supp 1350-1404 (various medical records from Montefiore and WESTMED including office visits and test results); 000951-000952 (medical notes from 2011);
- Plaintiff's Exhibit 19-Confidential Bates Stamped Number 00127 (notes from an emergency call dated 5-9-2014);
- Plaintiff's Exhibit 21-Expert Report of Dr. Howard Tarkin, dated September 17, 2021 and CV;
- Plaintiff's Exhibit 22-Affidavit of Dr. Howard Tarkin, sworn to on July 14, 2022;
- Plaintiff's Exhibit 31-SR Supp Numbers 1564-1582 (medical records from Westchester Medical Center dated 5-9-2014).
- Plaintiff's Exhibit 32-SR Supp Numbers 001438-001554, 000017, 000022-000030 (medical records and test results from Beth Israel Hospital from 3-11-2014-3-12-2014);
- Plaintiff's Exhibit 35-SR-Supp 000842-000843 (medical record dated 9-16-1963 and letter dated 10-5-1963 from the University of Rochester School of Medicine and Dentistry);
- Plaintiff's Exhibit 36-SR-Supp Numbers 001669-001676 (medical records from Dr. Kevin Ferrick);
- Plaintiff's Exhibit 37-SR-Supp Numbers 001971-001985 (these confidential records were the subject of a discovery dispute, a court hearing in the Western District of Texas and a sanctions award).

Parties seeking to file documents under seal in public cases, like the instant one, are required to make a motion and "demonstrate that the interest to be protected by filing under seal outweighs the presumption of public access." *See*, *Whitley v. Bowden*, 17-cv-03564 (PMH), 2020 U.S. Dist. LEXIS 170480, at *3 (S.D.N.Y. September 17, 2020), *citing In re Electronic Filing Under Seal in Civil and Misc. Cases*, No. 19-MC-583 (S.D.N.Y. December 19, 2019). The parties respectfully submit that the sealing of these medical records satisfies the Second Circuit's requirements set forth in *Lugosch v.*

*Pyramid Co. of Onondaga*, 435 F.2d 110, 124 (2d Cir. 2006) in order to overcome the presumption of public access to judicial documents. "[B]ecause a plaintiff maintains significant privacy rights to her medical information, courts regularly seal records protected from disclosure by HIPAA. *See*, *Valenti v. Grp. Health Inc*., 20-cv-9526 (JPC), 2020 U.S. Dist. LEXIS 241859, at *4 (S.D.N.Y. December 23, 2020) (*citation omitted*); *see also Toolasprashad v. Toolasprashad*, 21-cv-4672 (RPK)(JRC), 2021 U.S. Dist. LEXIS 205238, at *6-7 (E.D.N.Y. October 25, 2021)(Courts routinely seal medical records without sealing the entire case to protect a plaintiff's privacy)(*citations omitted*); *Spring v. Allegany-Limestone Cent. Sch. Dist*. 14-cv-476S, 2021 U.S. Dist. LEXIS 173846, at *4 (W.D.N.Y. September 14, 2021)(court granted motion to seal medical records in connection with a motion for summary judgment even where plaintiff's medical condition was at issue). As here, both medical and health related information are "categories to which courts grant the greatest protection." *See*, *M.C. v. Cty. of Westchester*, 16-cv-3013, 2019 U.S. Dist. LEXIS 211569, at *3-6 (S.D.N.Y. December 6, 2019 (*citations omitted*).

In addition, County Defendants respectfully request permission to redact from various emails, the last name of the student mentioned in Plaintiff's FAC. Plaintiff is aware of this student's full name, the redaction of the student's last name does not have any bearing on the pending motion for summary judgment and the redaction is consistent with the Family Educational Rights and Privacy Act. *See, Cardwell v. Polk*, 19-cv-10256 (GHW), 2022 U.S. Dist. LEXIS 176805, at * 7-8 (S.D.N.Y. September 22, 2022). Plaintiff does not oppose this request and in fact has redacted the student's last name in her FAC. Dkt. No. 18 ¶¶31-36 and 38.

Should Your Honor's staff have any questions, I can be reached at (914) 995-3577 or by email at iwc1@westchestergov.com. Thank you.

Respectfully,
JOHN M. NONNA
Westchester County Attorney
By: */s/ Irma W. Cosgriff*
   Irma Cosgriff
   Associate County Attorney


   */s/ Edward Tobin*
   Edward Tobin, Esq.

IWC/st

TO:    COUNSEL VIA ECF